# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**LARRY BENTLEY**                                                              **PETITIONER**

## 2:22-CV-00032 BSM/PSH

**MICHAEL CARVAJAL, Director**
**of Federal Bureau of Prisons ("BOP")**                      **RESPONDENT**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Larry Bentley ("Bentley"), an inmate at the Forrest City Federal Prison Camp in the Eastern District of Arkansas, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 28, 2022. The petition is not a

direct challenge to Bentley's conviction.[1]  Rather, he challenges the "process by which the BOP made it's home confinement placement decision pursuant to the CARES Act."  Petition, Doc. No. 1-1, at 6.  Bentley asserts he was denied home confinement placement for reasons that did not conform with federal law, violated the constitution, and ran afoul of the BOP's statutory authority.  For relief, Bentley requests this Court to order the BOP to "redo it's home confinement placement and order that it do so in a manner that is transparent and consistent with established federal law, the Constitution, and within it's statutory authority."  *Id.* at 7.  Respondent Michael Carvajal ("Carvajal") moved to dismiss the petition on grounds that the Court lacks personal jurisdiction over him because he is not the proper respondent, and because the Court lacks subject matter over the petition itself.  Doc. No. 8.

Bentley was notified by the Court of his opportunity to oppose the motion to dismiss and, in response, Bentley both responded and moved for leave to file an amended petition. *See* Doc. Nos. 11 and 12. The proposed amended petition would add John P. Yates, Warden of FCC Forrest City, and the BOP as respondents.  The amended petition would not include additional claims for relief or alter the relief requested.

---

[1] Bentley was sentenced in 2013 to a 240 month term of imprisonment following his conviction of possession of cocaine with intent to distribute.

## Analysis

Bentley essentially seeks a "redo" of the denial of his request for home confinement. Mindful that the *pro se* complaint is to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519 (1972), it appears to the Court that there are two ways to interpret Bentley's complaint and request for relief. Regardless of which interpretation is appropriate, Carvajal's motion to dismiss should be granted for the reasons set forth below.

### *Home Confinement*

A rational interpretation of the complaint is that Bentley desires this Court to direct the BOP to place him in home confinement. The Court lacks jurisdiction to order such relief.

The CARES Act, enacted in March 2020, increased the length of time the Bureau of Prisons ("BOP") could allow a federal inmate to spend in home confinement. Pub. L. 116-136, § 12003. This provision was placed in effect during the emergency period resulting from the coronavirus pandemic. Bentley is incorrect in arguing that this provision or others allow this Court to intervene in the home confinement process.

The Director of the BOP is directed to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12

months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). This authority "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). As previously noted, the CARES Act expanded the use of home confinement under § 3624(c)(2). Even so, this expanded use of home confinement does not alter the procedure by which home confinement is determined. Namely, home confinement is decided by the BOP. As a result, the Court finds that it lacks the authority to grant Bentley's request of home confinement. A court may not modify a term of imprisonment once it has been imposed except when expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c). Nothing in section 3624 or the CARES Act gives the Court the authority to order a prisoner's placement on home confinement. The United States District Court for the Western District of Arkansas ably summarizes the situation:

> Consequently, the discretionary authority to place a prisoner on home confinement remains solely with the BOP. 18 U.S.C. §§ 3624(c)(4), 3621(b); see also United States v. Norris, No. 7:17-CR-40-FL-1, 2019 WL 5079759, at *1 (E.D.N.C. Oct. 10, 2019) (collecting cases). Because BOP has the sole authority to determine home-confinement placement, the Court cannot place Defendant on home confinement *or otherwise order the BOP to do so. To the extent that Defendant seeks to be released on home confinement, he must make that request to the*

> BOP. *If the BOP denies a home confinement request, the Court cannot review or reverse that decision.* See 18 U.S.C. § 3621(b) (stating that the BOP's "designation of a place of imprisonment ... is not reviewable by any court.") (Emphasis added).

*United States v. Blaylock*, No. 1:12-CR-10010-001, 2020 WL 4344915, at *3–4 (W.D. Ark. June 1, 2020). *See also Prelaj v. White*, 2020 WL 7974008 (M.D. Penn. Dec. 10, 2020) ("rising tide of case law has consistently held" the BOP, not the courts, are to make home confinement decisions).

### *Review of the Home Confinement Decision*

A second interpretation of the complaint is that Bentley simply seeks a review of the home confinement process rather than actual placement in a home setting. However, a petition under 28 U.S.C. § 2241 is not the proper vehicle by which to challenge the process. Section 2241 may be utilized to attack the fact or duration of Bentley's imprisonment, seeking either immediate release or a shortened period of confinement. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). However, if Bentley merely seeks review of the BOP's home confinement decision-making process, then a habeas petition is not the proper route to his requested remedy. *See also Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014).

## Conclusion

The relief sought by Bentley is not available to him because this Court does not have the authority to order his placement in home confinement, or to order the BOP to place him in home confinement. Alternatively, review of the process utilized by the BOP to determine whether his home confinement request should be granted is not a challenge which is cognizable in a habeas corpus petition. As a result, the Court recommends that the petition be dismissed for lack of subject matter jurisdiction,[2] and that the relief requested be denied.

IT IS SO ORDERED this 1st day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Since subject matter jurisdiction is lacking, the Court need not decide whether Carvajal is the proper respondent or whether it has personal jurisdiction over him.